J-A21043-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
|---|---|---|
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| KOVET SIMPSON | : | |
| | : | |
| Appellant | : | No. 618 EDA 2018 |

Appeal from the PCRA Order Entered February 12, 2018
In the Court of Common Pleas of Lehigh County Criminal Division at
No(s): CP-39-CR-0001139-2012

BEFORE: PANELLA, J., OLSON, J., and McLAUGHLIN, J.

MEMORANDUM BY McLAUGHLIN, J.:          **FILED DECEMBER 06, 2018**

Kovet Simpson appeals from the dismissal as untimely of his third petition under the Post-Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546. Simpson maintains that while his petition is facially untimely, he satisfied the newly-discovered facts time-bar exception of the PCRA. We affirm.

The trial court convicted Simpson of rape, sexual assault, and indecent assault.[1] On April 29, 2013, it sentenced Simpson to 11 to 22 years' imprisonment, and this Court subsequently affirmed the judgment of sentence. **See Commonwealth v. K.S.**, 100 A.3d 324, (Pa.Super. March 31, 2014) (unpublished memorandum). Simpson filed two PCRA petitions which were denied. He filed the instant *pro se* petition on January 16, 2018. The

---

[1] 18 Pa.C.S.A. §§ 3121(a)(1), 3124.1, and 3126(a)(1), respectively.

PCRA court issued notice of its intent to dismiss the petition without a hearing and Simpson replied to the notice. *See* Pa.R.Crim.P. 907. The court then dismissed the petition on February 12, 2018. This timely appeal followed.

On appeal, Simpson asks us to review three issues:

I. Did the court below err as a matter of law when it denied the PCRA petition?

II. Was [Simpson's] Pennsylvania and United States rights pertaining to due process and access to the court's denied where [Simpson] did not possess the ability to properly communicate and participate in his defense?

III. Did the trial court lack jurisdiction to bring [Simpson] to trial where [Simpson] did not understand the proceedings?

Simpson's Br. at 4.

We first address the timeliness of Simpson's PCRA petition. *See Commonwealth v. Smith*, 194 A.3d 126, 2018 WL 3490917 at *4 (Pa.Super. July 20, 2018). Once the judgment of sentence is final, a petitioner has one year to file a first or subsequent PCRA petition. *See* 42 Pa.C.S.A. § 9545(b)(1). "[A] judgment becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." *Commonwealth v. Staton*, 184 A.3d 949, 954 (Pa. 2018) (quoting 42 Pa.C.S.A. § 9545(b)(3)). The PCRA is jurisdictional in nature and a court may not address the merits of an untimely petition unless the petitioner pleads and proves one of the time-bar exceptions. *Commonwealth v. Pursell*, 749 A.2d 911, 913-14 (Pa. 2000). These exceptions include: (1) the failure to raise

the claim previously was due to governmental interference; (2) the facts of the claim were unknown to the petitioner and could not have been ascertained by due diligence; or (3) a newly recognized constitutional right that the United States Supreme Court or the Pennsylvania Supreme Court has held to apply retroactively. **See** 42 Pa.C.S.A. § 9545(b)(1)(i)-(iii). A time-bar exception must be raised within 60 days from the time the claim could have been raised. **See Commonwealth v. Kretchmar**, 189 A.3d 459, 462 (Pa.Super. 2018) (citing 42 Pa.C.S.A. § 9545(b)(2)).

Here, Simpson's judgment of sentence became final on April 30, 2014, when his time to file a petition for allowance of appeal to our Supreme Court expired. **See** Pa.R.A.P. § 1113(a). Thus, he had until April 30, 2015, to file a timely petition. The instant petition filed three years after the deadline is untimely and the PCRA court lacked jurisdiction to consider the petition. **See Commonwealth v. Albrecht**, 994 A.2d 1091, 1093 (Pa. 2010).

Simpson contends that he pled and proved the newly-discovered facts exception. **See** Simpson's Br. at 8; **see also** 42 Pa.C.S.A. § 9545(b)(1)(ii). In the one and one-half pages in support of his argument, Simpson claims "[he] suffers from mental health problems and prior to, at trial, and subsequent to trial, [his] mental deficiencies prevented him from a meaningful understanding of the proceedings." Simpson's Br. at 8. However, this bald assertion fails to satisfy the newly-discovered facts exception.

When pleading and proving the time-bar exception of newly-discovered facts, a petitioner must plead and prove: (1) the facts were unknown to him,

and (2) the facts could not have been ascertained through due diligence. *See Commonwealth v. Burton*, 158 A.3d 618, 629 (Pa. 2017). Simpson must also show that he raised the claimed within 60 days of the date he could have first raised it. 42 Pa.C.S.A. § 9545(b)(2). First, Simpson failed to plead or prove in his PCRA petition that his mental deficiency was previously unknown to him. Rather, from our review of the record Simpson was aware of his alleged "mental deficiencies" at least by the time of his second PCRA petition in 2016. In his second PCRA petition, he claimed that the trial court erred by not allowing him to introduce evidence of his "mental retardation." *See Commonwealth v. Simpson*, No. 1346 EDA 2015, unpublished memorandum at 1 (Pa.Super. August 24, 2016) (mental incapacity claim rejected since it could have been raised on direct appeal). Therefore, Simpson's mental deficiencies were known to him by his second PCRA petition and he has exceeded the 60 day time-bar deadline to raise the claim. Thus, he cannot claim relief under the newly-discovered facts exception. *See Commonwealth v. Smallwood*, 155 A.3d 1054, 1071 (Pa.Super. 2017) (concluding petitioner who knew or had reason to know "newly-discovered fact" for more than 60 days failed to meet time-bar exception).

Additionally, Simpson's reliance on *Commonwealth v. Cruz*, 852 A.2d 287, 293 (Pa. 2004), is misplaced. The Court in *Cruz* held that "mental incompetence at the relevant times, if proven, **may** satisfy the requirements" of the newly-discovered fact exception. *Id.* at 288 (emphasis in original). Simpson's case mirrors *Cruz* in no aspect. To begin, Simpson has not made a

claim that he is mentally incompetent, unlike Cruz who was found to be mentally incompetent after he shot himself in the head causing him to lose part of his brain and rendering him unable to "express emotions and really discuss the facts of [his] case in any sort of sensible way . . . ." *Cruz*, 852 A.2d at 288 (quoting Notes of Testimony ("N.T."), *Nolo Contendere* Plea Hearing, 10/13/94, at 2-3)). Simpson fails to meet the requirements of *Cruz* because he did not plead much less prove he was incompetent during the time his right to file a PCRA petition lapsed or that he filed his petition within 60 days of regaining sufficient competency to ascertain the basis of his PCRA claims. *Id.*

Here, Simpson filed the subject PCRA petition more than one year after his judgment of sentence became final, and he did not plead sufficient facts that, if true, would qualify him for the newly-discovered facts exception. Simpson provided the PCRA court with no evidence of his mental deficiency and on appeal only claims that his "mental health problems" prevented him from understanding the proceedings at trial. Simpson's Br. at 8. However, his argument fails to provide further discussion of what mental illness he believes he has that impaired his ability to understand his trial proceedings. While Simpson contends that "the facts of record support said contention that the issues raised in his *pro se* PCRA [p]etition contained sufficient arguable merit . . .," we must disagree. *Id.* He does not cite to any support in the record where these "mental deficiencies" prevented him from participating in and

understanding his proceedings.[2] Additionally, his PCRA petition provided no support that his mental deficiencies were unknown to him and could not have been discovered through due diligence. Thus, the trial court did not err in denying Simpson's untimely PCRA petition.

Order affirmed.
Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/6/18

---

[2] Our review of the record shows that Simpson knowingly waived his right to counsel; gave a clear opening statement and closing argument; crossed-examined the Commonwealth's witnesses; knew when to ask for a judgment of acquittal; and presented two defense witnesses for his case in chief. **See** N.T., Jury Selection, 1/28/13, at 6-10; **see also** N.T., Trial, 1/29/13, at 21-23, 56-91, 149, 174-79.